**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | |
|---|---|
| Jose M. Valdez and | § |
| Josefina Valdez | § **Case No.:** _____ |
|     Plaintiffs | § |
| v. | § **COMPLAINT AND JURY DEMAND** |
| Capital Management Services, LP dba Capital | § |
|     Receivables  Management Services, LP | |
| Cavalry Portfolio Services, LLC | § |
| National Action Financial Services  Inc. | § |
| CMS General Partner LLC | § |
| Travelers Casualty and Surety Company of | § |
|     America | |
| RLI Insurance Company and | § |
| Hartford Fire Insurance Company | § |
| | § |
|     Defendants | § |

Plaintiffs Mr. Jose M. Valdez and his wife, Mrs. Josefina Valdez bring this suit for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (F.D.C.P.A.), the Texas debt collection act, Ch. 392 Tex. Fin. C., and for related claims.

## A.    JURISDICTION AND VENUE.

1.    The Court has federal question jurisdiction over the lawsuit because the action arises under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (F.D.C.P.A.).  Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves predominant issues of federal law, the F.D.C.P.A. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202. The court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.  The

1

Court specifically has jurisdiction over defendant bonding companies (Travelers, RLI and Hartford) under 28 U.S.C. § 1367(a) (the federal court's "supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties)

2.      Venue in this District because all or a substantial part of the events or omissions giving rise to their claims occurred in Cameron County, Texas.

3.      Plaintiffs are individuals who reside in Cameron County, Texas.

4.      Defendant **Capital Management Services, LP** dba Capital Receivables Management Services, LP is a foreign corporation organized and existing in the state of Delaware with its principal place of business at 726 Exchange St., Suite 700, Buffalo, NY 142101.  Said Defendant **may be served through its Texas registered agent, C T Corporation System, 350 N. Paul St., Dallas, TX 75201**. The court has jurisdiction over said Defendant. Said Defendant has purposefully availed itself of the privileges and benefits of conducting business in Texas by engaging in business in Texas. Said Defendant engaged in business in Texas by attempting to collect an alleged debt against Plaintiffs in Texas in a manner that violated the Fair Debt Collection Practices Act and that form the basis of the other claims brought by way of this complaint.

5.      Defendant **Cavalry Portfolio Services, LLC** is a foreign corporation organized and existing in the state of Delaware with its principal place of business at 2711 Centerville Rd., Ste. 400, Wilmington, DE 19808.  Said Defendant **may be served through its Texas registered agent, C T Corporation System, 350 N. Paul St., Dallas, TX 75201**. The court has jurisdiction over said Defendant. Said Defendant has purposefully availed itself of the privileges and benefits

of conducting business in Texas by engaging in business in Texas. Said Defendant engaged in business in Texas by attempting to collect an alleged debt against Plaintiffs in Texas in a manner that violated the Fair Debt Collection Practices Act and that form the basis of the other claims brought by way of this complaint.

6.      Defendant  **National Action Financial Services, Inc.**  is a foreign corporation organized and existing in the state of Georgia with its principal place of business at 3102 West End Ave., Suite 1000, Nashville, TN 37202.  Said Defendant **may be served through its Texas registered agent, C T Corporation System, 350 N. Paul St., Dallas, TX 75201**. The court has jurisdiction over said Defendant. Said Defendant has purposefully availed itself of the privileges and benefits of conducting business in Texas by engaging in business in Texas. Said Defendant engaged in business in Texas by attempting to collect an alleged debt against Plaintiffs in Texas in a manner that violated the Fair Debt Collection Practices Act and that form the basis of the other claims brought by way of this complaint.

7.    Defendant  **CMS General Partner LLC** is a foreign corporation organized and under the laws of the State of Delaware. Said Defendant a general partner of Defendant Capital Management Services, LP and thus is liable for the actions of Capital Management Services LP. The court has jurisdiction over CMS General Partner LLC. Said Defendant has purposefully availed itself of the privileges and benefits of conducting business in Texas by engaging in business in Texas. In July 28, 2008 CMS General Partner LLC forfeited its corporate charter in Texas for failure to pay taxes. Therefore Defendant **CMS General Partner LLC** may be served with process **by serving the Texas Secretary of State, 1019 Brazos St., Austin, Texas 78701**. See Tex. Bus. Corp. Act art. 8.10(B). The Texas Secretary of State may also forward a copy of the citation and petition

3

of this cause to Defendant CMS General Partner LLC by and through the registered agent listed in the records of the State of Delaware, **The Corporation Trust Company, Corporation Trust Center 1209 Orange St., Wilmington De 19801** (New Castle County).

8.   Defendant <u>Travelers Casualty and Surety Company of America</u> ("Travelers") is a foreign corporation organized. Said Defendant may be served through its registered agent, <u>Corporation Service Company, 701 Brazos Street Suite 1050, Austin, TX, 78701</u>.

9.   Defendant <u>RLI Insurance Company</u> is a foreign corporation organized and existing under the laws of the State of Illinois, with a principal place of business at 9025 North Lindbergh Dr., Peoria, IL 61615. Said Defendant may be served by and through its registered agent <u>Roy C. Die, 8 East Greenway Plaza Suite 400, Houston, TX 77046</u>.

10. Defendant <u>Hartford Fire Insurance Company</u> is a foreign corporation organized and existing under the laws of the State of Connecticut, with a principal place of business at One Hartford Plaza T 16 85, Hartford CT 06155. Said Defendant may be served by and through its registered agent <u>Corporation Service Company, 701 Brazos Street, Suite 1050, Austin TX 78701</u>.

11.    All conditions precedent necessary to maintain this action have been performed or have occurred.

## B.    STATEMENT OF FACTS

12.    On or about June 25, 1999, Mr. Jose M. Valdez's identity was stolen. The identity thief apparently financed the purchase of a manufactured home using Mr. Valdez's identity, and then defaulted on the payments. For years Mr. Valdez has been hounded by debt collectors regarding

4

this debt, did not create, did not authorize the creation of, and did not benefit from, and did not know of. The hounding of the debt collectors have taken its toll on both he and his wife Josefina Valdez.

13.     Defendants Capital Management Services, LP, Cavalry Portfolio Services, LLC, and National Action Financial Services  Inc. are debt collectors who have been attempting to collect this nearly $40,000 debt from Mr. Valdez, who does not owe the debt.

14.     Plaintiff Mr. Valdez has repeatedly sent Capital Management Services, LP and Cavalry Portfolio Services, LLC proof that this debt was not his, but they continue to attempt to collect the debt despite the overwhelming evidence it is not owed by Mr. Valdez. Plaintiff Mr. Valdez has sent a very detailed identity theft affidavit, a police report, proof of his address, and proof that the identifying information on the credit report did not match his actual information. Despite receiving this proof, Defendants Capital Management Services, LP, Cavalry Portfolio Services, LLC and National Action Financial (on behalf of Cavalry) continue to hound Mr. Valdez and, on information and belief, have taken no steps to verify any of the information provided by Mr. Valdez.

15.     Defendants Capital Management Services, LP and Cavalry Portfolio Services, LLC have also received on more than one occasion written notification that Mr. Valdez was represented by counsel, Texas Rio Grande Legal Aid.  Despite knowledge the Mr Valdez was represented by counsel, Capital Management Services, LP, Cavalry Portfolio Services, LLC and National Action Financial (on behalf of Cavalry) have made an end-run(s) around Mr. Valdez's counsel and contacted Mr, Valdez directly, demanding payment for a fraudulent debt.

16. Defendant    CMS  General  Partner  LLC  the  general  partner  of  Defendant  Capital Management Services, LP and thus is liable for the actions of Capital Management Services LP. Therefore when this complaint refers to the liability of defendant Capital Management Services LP, that liability applies equally to defendant CMC General Partner LLC.

17. Defendants Travelers Casualty, RLI, and Hartford are the bonding companies for debt collector defendants Capital Management Services, LP, Cavalry Portfolio, National Action Financial, respectively. Pursuant to Tex. Fin. C. § 392.102 and pursuant to the terms of the bond agreement itself, the bonding companies are liable for the claims Plaintiffs may bring against the defendant debt collectors for whom they provide a bond for the debt collector's violations of the Texas debt collection practices act, up to $10,000.00.  Therefore, when this suit refers to the liability of Defendants Capital Management Services, Cavalry Portfolio, or National Action Financial, those claims apply equally to their respective bonding company, up to $10,000 per bonding company.

## COUNT # 1: Violations of the federal Fair Debt Collection Practices Act

18.     Plaintiffs repeat and reallege  each and every allegation set forth above as if reasserted and realleged herein.

19.     Plaintiffs brings these F.D.C.P.A. claims as a "private attorney general" acting in the interest of all consumers. See S. Rep. No. 382, 95th Con., 1st Sess. 5, ("The committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance.").

20.     Plaintiff Mr. Jose M. Valdez is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

21.     Plaintiffs are each a "person" within the meaning of 15 U.S.C. § 1692k(a) entitled to bring suit under the FDCPA.

22.     Defendants Capital Management Services, Cavalry Portfolio, and National Action Financial are each a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6).

23.     The obligation alleged by Defendants Capital Management Services, Cavalry Portfolio, and National Action Financial to be owed by Mr. Valdez is a "debt" as defined by 15 U.S.C. § 1692a(5).

24.     Defendants Capital Management Services, Cavalry Portfolio, and National Action Financial actions listed in the above statement of facts constituted an attempt to collect a debt within the meaning of the federal Fair Debt Collection Practices Act.

25.     Defendants Capital Management Services, Cavalry Portfolio, and National Action Financial violated the following sections of the federal Fair Debt Collection Practices Act (the "F.D.C.P.A."): 15 U.S.C. 1692b, 1692c, 1692d, 1692e, 1692f, and 1692g. By way of example and not limitation said Defendants violated the F.D.C.P.A. by taking the following actions in an attempt to collect a debt: misrepresenting the character, status, and amount of the debt; attempting to collect an amount not permitted by law or contract; threatening to take and actually taking an action prohibited by law; using false, deceptive or misleading representations or means; using a unfair or unconscionable means; contacting a consumer represented by counsel;

and engaging in conduct the natural consequence of which is to harass, oppress any person.

26.     A prevailing Plaintiff in a FDCPA action is entitled to actual damages, additional statutory damages of $1,000.00, and mandatory attorney's fees and cost, and these are so sought. Attorney's fees are sought solely by attorney Ahmad Keshavarz, not by Texas RioGrande Legal Aid, Inc.

### COUNT # 2: Violations of the Texas debt collection statute, Tex. Fin. C. § 392.001 *et seq*

27.     Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

28.     Plaintiff Mr. Jose M. Valdez is a "consumer" as that term is defined by Tex. Fin. C. § 392.001(1).

29.     Plaintiffs are each a "person" within the meaning of Tex. Fin. C. § 392.403(a) entitled to bring suit under the Texas debt collection act.

30.     Defendants Capital Management Services, Cavalry Portfolio, and National Action Financial are each is a "third-party debt collector" as that term is defined in Tex. Fin. C. § 392.001(7).

31.     The obligation alleged by Defendants Capital Management Services, Cavalry Portfolio, and National Action Financial against Mr. Valdez is a "consumer debt" as that term is defined in Tex. Fin. C. § 392.001(2).

32.     Defendants Capital Management Services, Cavalry Portfolio, and National Action Financial violated Tex. Fin. C. § 392.001 et seq., the Texas debt collection act. By way of example and not

limitation, in connection with an attempt to collect a consumer debt, said Defendants violated the act by: misrepresenting the character, status, and amount of the debt; making fraudulent, deceptive, or misleading representations; using an unfair or unconscionable means to collect a debt; using threats coercion or attempts to coerce; threatening to take and actually taking an act prohibited by law; oppressing, harassing, or abusing a person; using language intended to abuse unreasonably the hearer or reader; making repeated or continuous telephone calls, with the intent to harass a person at the called number; collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer; and contacting a consumer represented by counsel.

33.     A prevailing Plaintiff in a Texas debt collection action is entitled to actual damages, additional statutory damages of $100.00 in *per violation*, injunctive relief and mandatory attorney's fees and costs, and these are so sought.  Attorney's fees are sought solely by attorney Ahmad Keshavarz, not by Texas RioGrande Legal Aid, Inc.

## COUNT # 3: Tort of unfair debt collection

34.     Plaintiffs repeat and reallege  each and every allegation set forth above as if reasserted and realleged herein.

35.     The actions that violate the debt collection statute also constitute the tort of wrongful debt collection, which allows for the recovery of actual, exemplary and punitive damages, and which is so sought.  Duty v. General Finance Company, 273 S.W.2d 64 (Tex. 1954).

36. Plaintiff's injuries resulted from Defendants' malice or actual fraud, which entitles Plaintiffs to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

## C.  COUNT # 4: Declaratory and injunctive relief

37.  Plaintiffs repeat and reallege  each and every allegation set forth above as if reasserted and realleged herein.

38.  Plaintiff Mr. Valdez seeks declaratory relief that he does not owe the debt for which Defendants Capital Management Services, Cavalry Portfolio, and National Action Financial have been seeking to collect and an injunction to prevent them from further attempting to collect this debt.  C.P.R.C. § 37.004(a).  Plaintiffs seeks attorney's fees and costs. C.P.R.C. § 37.009; Butnaru v. Ford Motor Co., 84 S.W.3d 198, 210 (Tex. 2002) (injunction issued under principles of equity). Attorney's fees are sought solely by attorney Ahmad Keshavarz, not by Texas RioGrande Legal Aid, Inc.

## D.  COUNT # 5: Application for Court Order to Declare Individual a Victim of Identity Theft

39.  Pursuant to Tex. Bus. Com. C. § 521.101, Plaintiff Mr. Valdez makes an application to the court for the issuance of an order declaring that he is the victim of identity theft.

## E.  ATTORNEY'S FEES

40.  Attorney's fees are sought solely by attorney Ahmad Keshavarz, not by Texas RioGrande Legal Aid, Inc.

## F.  JURY DEMAND.

41.  Plaintiffs demand a jury trial.

## G.   PRAYER

42.    For these reasons, Plaintiffs asks for judgment against Defendants for the following:

   i.    The above referenced relief requested;

   ii.   Statutory damages, including $1,000.00 pursuant to 15 U.S.C. § 1692k (F.D.C.P.A.) and $100 per violation pursuant to Tex. Fin. C. § 392.403(e) (Texas debt collection act).

   iii.   Equitable relief including, but not limited to, fee forfeiture, profit disgorgement and equitable disgorgement;

   iv.   Actual, economic, punitive and exemplary damages within the jurisdictional limits of the court;

   v.    Attorney fees for attorney Ahmad Keshavarz, not for Texas RioGrande Legal Aid, Inc.

   vi.   Costs of court;

   vii.   Exemplary and punitive damages;

   viii.  Prejudgment and post-judgment interest as allowed by law;

   ix.   Costs of suit;

   x.    General relief;

   xi.   An injunction preventing Defendants from engaging in similar unlawful conduct now and in the future;

   xii.   All other relief, in law and in equity, both special and general, to which Plaintiffs may be justly entitled.

Respectfully submitted,

11

/s/

Ahmad Keshavarz
ATTORNEY IN CHARGE FOR PLAINTIFFS
State of Texas Bar Number: 24012957
Southern District of TX Admission #: 27001

The Law Offices of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026

Phone: (718) 522-7900
Fax:     (877) 496-7809 (toll-free)
Email: ahmad@AustinConsumerAttorney.com

TEXAS RIO GRANDE LEGAL AID, INC.

By: MANDI L. MATLOCK
State Bar No. 24026867
Texas Rio Grande Legal Aid, Inc.
4920 N. IH-35
Austin, Texas 78751
        Tel: 512/374-2743
        Fax: 512/447-3940